IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DuPONT FABROS DEVELOPMENT LLC,<br>a Delaware limited liability company located at<br>1212 New York Ave., NW, Suite 900,<br>Washington, DC 20005,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>SOVEREIGN 59 CORPORATION,<br>a Delaware Corp. located at 680 Cesar Gonzalez<br>Ave., Hato Rey, PR 00918<br>Registered Agent:<br>　　　The Corporation Trust Company<br>　　　1209 Orange Street<br>　　　Wilmington, DE 19801<br><br>　　　　　　and<br><br>CLEOFE RUBI-GONZÁLEZ,<br>a/k/a CLEOFE RUBI,<br><br>　　　　　　and<br><br>ANTONIO J. MUNOZ,<br><br>　　　　　　and<br><br>THE ZILBERBRAND GROUP, LLC,<br>a Delaware limited liability company located at<br>1503 N. Park Avenue, Chicago, IL 60610,<br><br>　　　　　　Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff DuPont Fabros Development LLC ("DuPont"), by counsel and for its Complaint, states as follows:

va-140439

## NATURE OF THE CASE

1. This is an action for breach of a contract in which Defendant Sovereign 59 Corporation ("Sovereign 59") failed to sell, transfer and assign to DuPont purchase rights to a Cessna Citation Sovereign aircraft ("the Aircraft.") Despite an agreement that DuPont would receive such purchase interests in the Aircraft in exchange for valuable consideration, Defendant Sovereign 59 now refuses to perform the contract and purportedly has accepted an offer to sell the purchase rights to a third party. Accordingly, Plaintiff brings this action for anticipatory breach of contract and breach of contract, and seeks specific performance of the contract and an injunction preventing any sale, transfer, or assignment to a third party of Sovereign 59's rights in the Aircraft.

## PARTIES

2. Plaintiff DuPont is a limited liability company organized under the laws of Delaware with its principal place of business at 1212 New York Ave., NW, Suite 900, Washington, DC 20005. The members of the limited liability company are Lammot J. DuPont, who is a resident of Virginia, and Hossein Fateh, who is a resident of Washington, DC.

3. Defendant Sovereign 59 is a corporation organized under Delaware law, with its principal place of business at 680 Cesar Gonzalez Ave., Hato Rey, PR 00918. On information and belief, Sovereign 59 exists to serve as a holding company solely for purchase and delivery rights to the Aircraft as discussed below.

4. Defendant Cleofe Rubi-González is the President of Defendant Sovereign 59, and one of only two shareholders in that corporation along with Defendant Antonio J. Munoz. Upon information and belief, Defendant Rubi-González's business address is 680 Cesar Gonzalez Ave., Hato Rey, PR 00918, and Defendant Rubi-González resides in Puerto Rico.

va-140439

5.      Defendant Antonio J. Munoz is one of the only two shareholders of Defendant Sovereign 59, along with Defendant Cleofe Rubi-González. Upon information and belief, Defendant Munoz's business address is 680 Cesar Gonzalez Ave., Hato Rey, PR 00918, and Defendant Munoz resides in Puerto Rico.

6.      Defendant The Zilberbrand Group, LLC is a limited liability company organized under Delaware law, with its principal place of business at 1503 N. Park Avenue, Chicago, IL 60610. Upon information and belief, the members of the limited liability company are Ronald and Jason Zilberbrand, and both are residents of Illinois.

## JURISDICTION AND VENUE

7.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interests and costs. The court has personal jurisdiction over the Defendants under D.C. Code Ann. § 13-423(a).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) since a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia. Venue also is proper under 28 U.S.C. § 1391(a)(3) because the Defendants are subject to personal jurisdiction in the District of Columbia at the time of the commencement of this action.

## FACTS

9.      In early 2005, Plaintiff DuPont Fabros began attempts to identify and purchase a jet aircraft for business use. Plaintiff eventually settled upon the Cessna Citation Sovereign as the model of aircraft that would best serve Plaintiff's needs and budget.

10.     The Cessna Citation Sovereign is a midsize jet aircraft manufactured by the Cessna Aircraft Company ("Cessna") of Wichita, Kansas. The Citation Sovereign has a superior combination of performance and relative affordability. Some of the plane's desirable performance characteristics include coast-to-coast flying range, a large cabin size and the uncommon ability for a jet of its size to utilize short runways even in challenging high altitude/hot weather conditions. These features and the Citation Sovereign's low operating costs have combined to make the aircraft model very popular, in high worldwide demand, and without true equal.

11.     As a result of the Citation Sovereign's popularity, the model rarely is offered for sale by existing owners, and the delivery date for purchasing new aircraft from Cessna now approaches two years into the future. Consequently, when existing Citation Sovereign jets do become available for sale, purchase agreements for the jets are executed quickly even though market price now exceeds approximately $15.8 million.

12.     On information and belief, a corporation by the name of San Juan 55, Inc. entered into a Purchase Agreement No. CJ-SOV-1599 with Cessna on October 18, 1999. Under that agreement, San Juan 55, Inc. agreed to purchase an aircraft with serial number 680-0072 from Cessna, with an expected delivery date in the first quarter of 2006. The Purchase Agreement was signed on behalf of San Juan 55, Inc. by its President, Defendant Cleofe Rubi-González.

13.     On August 6, 2004, San Juan 55, Inc. and Cessna amended Purchase Agreement No. CJ-SOV-1599. Per the terms of the amendment, San Juan 55, Inc. no longer would purchase serial number 680-0072, but instead would purchase for the same price the Aircraft at issue here, namely, the Cessna Citation Sovereign with serial number 680-0059.

va-140439

14. On July 26, 2005, Defendant Rubi-González wrote to Mr. Matthew Murphy of Cessna and informed him of the creation of Sovereign 59 Corp. Defendant Rubi-González informed Mr. Murphy that Sovereign 59 Corp. was entirely owned by Rubi-González and Defendant Antonio J. Munoz, and that Defendants Rubi-González and Munoz wanted to assign the Purchase Agreement for the Aircraft to Sovereign 59 Corp. On information and belief, such an assignment was agreed to by Cessna.

15. In {Need date} of 2005, Plaintiff became aware that Defendants Sovereign 59, Rubi-González and Munoz, through their designated agent Defendant Zilberbrand Group, were offering for sale the purchase rights to the Aircraft. The Aircraft is expected to be delivered by Cessna to Sovereign 59 in January 2006 pursuant to the terms of the amended Purchase Agreement No. CJ-SOV-1599. Plaintiff's agent contacted Defendant Zilberbrand Group to inquire about acquiring the purchase rights to the Aircraft, and a period of negotiations began involving Plaintiff, Plaintiff's agent, and Defendants Sovereign 59 and Zilberbrand Group.

16. During the course of those negotiations to formulate a purchase agreement, numerous telephone communications occurred between and among two or more of Plaintiff, Plaintiff's agent, and Defendants Sovereign 59 and Zilberbrand Group. In particular, one telephone conference that occurred on or about October 12, 2005 included as participants Plaintiff's principal Hossein Fateh, Plaintiff's agent Silvano Cesa, Ron Zilberbrand of Defendant Zilberbrand Group, and Andres Vitola of Defendant Sovereign 59. All parties were aware that Mr. Fateh participated in this conference call from his office in Washington, DC.

17. On October 14, 2005, Hossein Fateh faxed to Jason Zilberbrand of Defendant Zilberbrand Group a proposed letter agreement dated October 13, 2005 between Plaintiff and Defendant Sovereign 59 by which Plaintiff would acquire Defendant's purchase rights for the

Aircraft. Mr. Fateh signed the letter agreement on behalf of DuPont and transmitted the proposed letter agreement from his office in Washington, DC.

18. That same day, Defendant Sovereign 59's President, Cleofe Rubi-González, responded to the proposed letter agreement. Mr. Rubi-González made handwritten changes to terms of the agreement, initialed each change, and signed the amended letter agreement on behalf of Defendant Sovereign 59. He then faxed the amended letter agreement as a counter-offer to Mr. Fateh in Washington, DC.

19. On or about October 14, 2005, Mr. Fateh accepted Sovereign 59's counter-offer by initialing each proposed change on the amended letter agreement. He faxed and e-mailed from his Washington, DC office a copy of the fully-executed and initialed letter agreement (hereinafter, "Letter Agreement") to Defendant Sovereign 59's agent, Defendant Zilberbrand Group. A copy of the fully-executed Letter Agreement is attached as Exhibit A. The Letter Agreement provides that it is governed by Delaware law.

20. Pursuant to the terms of the Letter Agreement, DuPont subsequently made a deposit of $100,000.00 to an escrow agent as security for its performance required in paragraph 3 of the Letter Agreement.

21. On October 20, 2005, Plaintiff learned from Defendants Sovereign 59 and Zilberbrand Group that Sovereign 59 intended to disregard the Letter Agreement and convey to another party Sovereign 59's purchase rights in the Aircraft. Plaintiff's counsel wrote to Defendants the following day, Friday October 21, 2005, and informed them that any such transfer of rights to a third party would be a breach of the Letter Agreement and cause incalculable harm to Plaintiff. Moreover, Plaintiff's counsel cautioned Defendants that their stated intent to sell their purchase rights to another party constituted anticipatory breach of the

- 9 -

    b.    The Letter Agreement is a valid, enforceable contract that has been breached by Defendants;

    c.    A permanent injunction shall issue prohibiting Defendants from transferring purchase rights in the Aircraft to any party other than Plaintiff;

    d.    Plaintiff is entitled to specific performance of its Letter Agreement, and Defendants Sovereign 59, Rubi-González, Munoz and/or Defendant Zilberbrand Group must transfer purchase rights in the Aircraft to Plaintiff in accordance with the terms of the Letter Agreement;

    e.    In the alternative, Plaintiff is entitled to actual damages, the amount to be determined at trial.

    f.    Plaintiff is entitled to its attorneys' fees and costs; and

    g.    Plaintiff is entitled to any other relief the Court deems just and proper in law or in equity.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims raised in the Complaint that are so triable.

Dated: November 7, 2005

Respectfully submitted,

DuPONT FABROS DEVELOPMENT LLC

By: *G. Brian Busey /jmk/*
G. Brian Busey (DC Bar No. 366760)
John L. Kolakowski (DC Bar No. 476628)
MORRISON & FOERSTER LLP
1650 Tysons Boulevard, Suite 300
McLean, Virginia 22102
Telephone: (703) 760-7700
Facsimile: (703) 760-7777

Attorneys for Plaintiff DuPont Fabros Development LLC.

# Exhibit A

OCT-14-2005 16:45 From:ADMISTRACION    7877770503    To:2027280220    P.1/2
08/23/2005 22:33   3124949611   RON ZILBERBRAND   PAGE 02



October 13, 2005

Via Facsimile:   312-440-1211

Mr. Jason Zilberbrand
The Zilberbrand Group, LLC
1503 N. North Park Avenue
Chicago, IL, 60610

Re: Cessna Citation Sovereign, S/N 680-0059

Dear Mr. Zilberbrand:

We understand that you are the exclusive sales representative of Sovereign 59 Corp., a Delaware corporation ("Seller"), which is the sole and exclusive holder of aircraft purchase and delivery rights (the "Rights") under that certain Purchase Agreement No. CJ-SOV-1599, dated October 18, 1999, between Seller and The Cessna Aircraft Company ("Cessna"), as amended August 6, 2004 (as amended, the "Purchase Agreement"), relating to a Cessna Citation Sovereign, bearing manufacturer's serial number 680-0059, United States registration number TBD and its two (2) installed [Pratt & Whitney 306C] engines, bearing sequential manufacturers serial numbers TBD (Left) and TBD (Right) (the "Aircraft").

Du Pont Fabros Development LLC or its assignee/designee ("Buyer") hereby agrees to purchase and receive, and Seller agrees to sell, transfer and assign, all of the Rights, benefits, liabilities and obligations under the Purchase Agreement for the lesser of (i) aggregate deposits paid to date plus $950,000, and (ii) $~~15,610,000~~ less all amounts still to be paid to Cessna ("Assignment Price"), subject to and contingent upon fulfillment of the following conditions:

→ $15,865,000 ex

1.  Seller will hold Buyer harmless for any additional sums of money that Cessna may require for escalation payments (over and above the two amounts, stated above) as a result of the new Consumer Price Index (CPI) numbers being published in November 2005.

2.  On or before ten (10) business days following the acceptance of this Letter Of Intent ("LOI"), Seller and Buyer will execute and deliver a mutually agreeable Purchase Agreement Assignment and Assumption Agreement ("Assignment") which shall irrevocably assign and transfer to Buyer all of the Rights, benefits, liabilities and obligations of Seller under the Purchase Agreement to Buyer.   L as noted

3.  Promptly following receipt of an executed copy of this LOI signed by Seller, Buyer will place in escrow with Insured Aircraft Title Service ("Escrow Agent") a deposit of One Hundred Thousand United States Dollars (US$100,000) ("Deposit"), which shall be fully refunded to the Buyer unless the Assignment is fully executed and delivered, the Assignment is accepted by Cessna, and Buyer is registered as the buyer of the Aircraft by Cessna, within thirty (30) days after the date hereof.

1212 New York Avenue, NW • Suite 900 • Washington, DC 20005 • (202) 728-0044 • Fax: (202) 728-0220 • www.dupontfabros.com

OCT-14-2005 16:36   7877770503   96%   P.01

OCT-14-2005 17:16          3124948611                    98%                          P.01

08/23/2005 22:33    3124948611                    RON ZILBERBRAND                    PAGE 03
                                                                                      P.3

**DUPONT FABROS**

Mr. Jason Zilberbrand
The Zilberbrand Group, LLC
October 13, 2005
Page 2 of 2

4.  At the effective time of the Assignment, the Rights will be free of liens, claims, demands, interests and encumbrances and the rights of others, including but not limited to any charges and encumbrances for any foreign or domestic taxes; the Purchase Agreement will be fully in effect, in good standing, and enforceable in accordance with its terms; and there shall have been no breach, default, termination or other event or action that would impair the rights or frustrate the purpose of the Assignment.

5.  In the event that (i) the Purchase Agreement is not assignable for any reason, or (ii) Cessna refuses to acknowledge, recognize, accept and register the Assignment, Buyer, Seller and Seller's owners will work together to consider alternative structures (including, without limitation, the acquisition of Seller in Buyer's sole and absolute discretion) that would effectuate the transfer of control and ownership of the Rights to Buyer; provided, however, that in the event Buyer reasonably determines that such alternative structures would have material adverse tax or other consequences, Buyer may cancel this LOI and receive a refund of the Deposit as described in Section 2 above

This LOI and the Aircraft Sales Agreement shall be governed by the laws of the State of Delaware exclusive of its conflict of law provisions

To indicate your agreement with the foregoing, please sign in the space provided below and return the signed copy by 5 p.m. Eastern Daylight Time on Friday, October 14, 2005. After this time, in the event this LOI is not accepted and executed by both parties, it shall be null and void and have no further force or effect (subject to the immediate return to Buyer of the Deposit, if payment thereof has been made by Buyer to Escrow Agent).

Respectfully submitted,

DU PONT FABROS DEVELOPMENT LLC

By: _____
Its: Managing Member

AGREED AND ACCEPTED: "as noted"
ZILBERBRAND GROUP AND PROMARK AVIATION
A~~~~ of SOVEREIGN 59 CORP., a Delaware corporation (Seller):

By: CLIFFE RUBI
Its: PRESIDENT

\* Seller hereby represents that rather than doing an assignment of the rights under the Purchase Agreement, Seller desires to sell the stock of the single purpose corporation, Sovereign 59, Corp.
IF Seller decides it can request acknowledgement from Cessna for this change of stockholder ownership.

TOTAL P.03

OCT-14-2005 16:55 From:
08/24/2005 04:06    3124948611    RON ZILBERBRAND    To:12124401211    PAGE 01
                                                                      P.1/1