14. On July 26, 2005, Defendant Rubi-González wrote to Mr. Matthew Murphy of Cessna and informed him of the creation of Sovereign 59 Corp. Defendant Rubi-González informed Mr. Murphy that Sovereign 59 Corp. was entirely owned by Rubi-González and Defendant Antonio J. Munoz, and that Defendants Rubi-González and Munoz wanted to assign the Purchase Agreement for the Aircraft to Sovereign 59 Corp. On information and belief, such an assignment was agreed to by Cessna.

15. In August of 2005, Plaintiff became aware that Defendants Sovereign 59, Rubi-González and Munoz, through their designated agent Defendant Zilberbrand Group, were offering for sale the purchase rights to the Aircraft. The Aircraft is expected to be delivered by Cessna to Sovereign 59 in January 2006 pursuant to the terms of the amended Purchase Agreement No. CJ-SOV-1599. Plaintiff's agent contacted Defendant Zilberbrand Group to inquire about acquiring the purchase rights to the Aircraft, and a period of negotiations began involving Plaintiff, Plaintiff's agent, and Defendants Sovereign 59 and Zilberbrand Group.

16. During the course of those negotiations to formulate a purchase agreement, numerous telephone communications occurred between and among two or more of Plaintiff, Plaintiff's agent, and Defendants Sovereign 59 and Zilberbrand Group. In particular, one telephone conference that occurred on or about October 12, 2005 included as participants Plaintiff's principal Hossein Fateh, Plaintiff's agent Silvano Cesa, Ron Zilberbrand of Defendant Zilberbrand Group, and Andres Vitola of Defendant Sovereign 59. All parties were aware that Mr. Fateh participated in this conference call from his office in Washington, DC.

17. On October 14, 2005, Hossein Fateh faxed to Jason Zilberbrand of Defendant Zilberbrand Group a proposed letter agreement dated October 13, 2005 between Plaintiff and Defendant Sovereign 59 by which Plaintiff would acquire Defendant's purchase rights for the