IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DuPONT FABROS DEVELOPMENT LLC,** a Delaware limited liability company located at 1212 New York Ave., NW, Suite 900, Washington, DC 20005,<br><br>Plaintiff,<br><br>vs.<br><br>**SOVEREIGN 59 CORPORATION,** a Delaware corporation located at 680 César González Ave, Hato Rey, PR 00918<br>Registered Agent:<br>   The Corporation Trust Company<br>   1209 Orange Street<br>   Wilmington, DE 19801<br><br>      and<br><br>**CLEOFE RUBI-GONZALEZ,** a/k/a **CLEOFE RUBI,**<br><br>      and<br><br>**ANTONIO J. MUÑOZ,**<br><br>      and<br><br>**THE ZILBERBRAND GROUP, LLC,** a Delaware limited liability company located at 1503 N. Park Avenue, Chicago, IL 60610,<br><br>Defendants. | **CASE No. 1:05CV02184**<br><br>**Judge: Emmet G. Sullivan**<br><br>**Deck Type: Contract** |

## ANSWER OF SOVEREIGN 59 CORPORATION TO THE COMPLAINT

COMES NOW Defendant Sovereign 59 Corporation ("Sovereign 59"), through its undersigned attorneys, and respectfully submits its Answer to the Complaint:

- 2 -

1. The allegations contained in paragraph 1 of the Complaint do not require an answer. Sovereign 59 denies the allegations contained in paragraph 1 to the extent they allege that Sovereign 59 had a binding contract with Plaintiff.

2. Defendant Sovereign 59 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Sovereign 59 admits paragraph 3 of the Complaint.

4. Sovereign 59 admits that Cleofe Rubi-Gonzalez is its President. Except as is otherwise admitted, Sovereign 59 denies the allegations in the first sentence of paragraph 4 of the Complaint. Sovereign 59 admits the second sentence of paragraph 4 of the Complaint.

5. Sovereign 59 admits that Defendant Antonio Munoz resides in Puerto Rico. Except as it otherwise admitted, Sovereign 59 denies the allegations in paragraph 5 of the Complaint.

6. Sovereign 59 lacks information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Sovereign 59 admits that the citizenship of the members of Plaintiff is different than the citizenship of Sovereign 59. Sovereign 59 denies that the amount in controversy exceeds $75,000, exclusive of interest and costs. The remaining allegations in paragraph 7 are conclusions of law as to which no response is required.

8. The allegations of paragraph 8 are conclusions of law as to which no response is required. Sovereign 59 further states that venue in this jurisdiction is not proper.

9. Sovereign 59 lacks information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

- 2 -

- 3 -

10. Sovereign 59 admits the first sentence of paragraph 10 of the Complaint. Sovereign 59 admits that Cessna Aircraft Company ("Cessna"), the manufacturer of the Cessna Citation Sovereign aircraft, claims that the aforesaid aircraft has a superior combination of performance and relative affordability. Sovereign 59 lacks information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 10 of the Complaint.

11. Sovereign 59 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Sovereign 59 admits paragraph 12 of the Complaint.

13. Sovereign 59 admits paragraph 13 of the Complaint.

14. Sovereign 59 states that the letter, dated July 26, 2005, referred in paragraph 14 of the Complaint speaks for itself. Sovereign 59 admits that Cessna consented San Juan 55, Inc.'s assignment of an agreement to purchase a Cessna Citation Sovereign aircraft to Sovereign 59.

15. Sovereign 59 lacks information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Sovereign 59 admits that in the course of negotiations between Sovereign 59 and Plaintiff DuPont Fabros Development LLC ("Plaintiff or DuPont"), telephone conversations took place between or among Plaintiff, its agent, Sovereign 59 and Zilberbrand Group, LLC ("Zilberbrand"). Sovereign 59 states that it did not know Hossein Fateh participated in telephone conversations from his office in Washington, D.C. Sovereign 59 lacks information sufficient to form a belief as to the truth of the remaining allegations in the second and third sentences of paragraph 16 of the Complaint.

- 4 -

17. Sovereign 59 lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Sovereign 59 admits that Cleofe Rubi-Gonzalez made hand-written changes to a letter, dated October 13, 2005, initialed each change, signed the letter on behalf of Sovereign 59, and faxed the letter to Hossein Fateh in Washington, D.C.

19. Sovereign 59 lacks information sufficient to form a belief as to the truth of the allegations in the first and second sentences in paragraph 19 of the Complaint. With respect to the third sentence in paragraph 19 of the Complaint, Sovereign 59 admits that a letter dated October 13, 2005 is attached to the Complaint. With respect to the fourth sentence of paragraph 19 of the Complaint, Sovereign 59 states that the aforesaid letter speaks for itself.

20. Sovereign 59 states, on information and belief, that it has reason to believe that DuPont made a deposit of $100,000 to an escrow agent towards the purchase of a Cessna Citation Sovereign aircraft. Except as is otherwise admitted, Sovereign 59 denies the allegations in paragraph 20 of the Complaint.

21. Sovereign 59 states that in October 2005, Plaintiff was informed that Sovereign 59 would not convey a Cessna Citation Sovereign aircraft to Plaintiff. Except as is otherwise admitted, Sovereign 59 denies the allegations in the first sentence of paragraph 21 of the Complaint. Sovereign 59 states that the letter referred to in the remainder of paragraph 21 of the Complaint speaks for itself.

22. Sovereign 59 states that in October 2005, DuPont was informed that Sovereign 59 did not intend to convey a Cessna Citation Sovereign aircraft to DuPont. Except as otherwise stated, Sovereign 59 denies the allegations of the first sentence of paragraph 22 of the Complaint.

- 4 -

- 5 -

Sovereign 59 lacks information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 22 of the Complaint.

23. Sovereign 59 incorporates by reference its allegations set forth above.

24. Sovereign 59 denies the allegations of paragraph 24 of the Complaint.

25. Sovereign 59 denies the allegations of paragraph 25 of the Complaint.

26. Sovereign 59 denies the allegations of paragraph 26 of the Complaint.

27. Sovereign 59 incorporates by reference its allegations set forth above.

28. Sovereign 59 denies the allegations of paragraph 28 of the Complaint.

29. Sovereign 59 denies the allegations of paragraph 29 of the Complaint.

30. Sovereign 59 denies the allegations of paragraph 30 of the Complaint.

Sovereign 59 denies that Plaintiff is entitled to the relief requested in its Complaint.

31. Sovereign 59 further states that it did not have a binding contractual obligation to sell a Cessna Citation Sovereign aircraft to Plaintiff.

32. Sovereign 59 reserves the right to amend its Answer as facts may emerge in the course of this action.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. The letter, dated October 13, 2005, which is attached to the Complaint does not constitute a binding contract.

3. The letter, dated October 13, 2005, is not an enforceable contract.

- 6 -

4. The letter, dated October 13, 2005, contained certain conditions that were never satisfied, including the proposed sale of Sovereign 59, and because further negotiations would have been required in order to set a price for such sale.

5. The letter, dated October 13, 2005, contemplated that the parties conduct further negotiations before they had a binding and enforceable agreement and such negotiations were never conducted.

6. Plaintiff did not suffer any damages as a consequence of any action(s) by Sovereign 59.

7. Plaintiff failed to mitigate its damages.

8. There was no meeting of the minds between the parties.

9. Sovereign 59 acted in good faith.

10. The parties were unable to perform any alleged obligations contained in the letter, dated October 13, 2005

11. Sovereign 59 reserves the right to assert further affirmative defenses should they arise during the course of discovery.

Respectfully submitted,

_____/s/_____
Stephen H. Marcus, Esq.
Law Office of Stephen H. Marcus
D.C. Bar No. 394419
1050 17th Street. N.W.,
Suite 600
Washington, D.C.  20036
Tel: 202-776-0651
Fax: 202- 331-7272

*and*

Orlando Fernandez
Orlando Fernandez Law Offices
33 Bolivia Street
Suite 701
San Juan, Puerto Rico 00917
Tel: 787-764-1932
Fax: 787-766-2132


Counsel for Defendant
<u>Sovereign 59 Corporation, Inc.</u>

December 12, 2005

- 8 -

CERTIFICATE OF SERVICE

    I hereby certify that on this 12th day of December, 2005, I served the following counsel with the foregoing Answer by filing it on the Electronic Case Filing System for the U.S. District Court for the District of Columbia:

        G. Brian Busey, Esq.
        Morrison & Foerster
        1650 Tysons Blvd.
        Suite 300
        McLean, Virginia 22102

                                      _____/s/_____
                                        Stephen H. Marcus

- 8 -