IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DuPONT FABROS DEVELOPMENT LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOVEREIGN 59 CORPORATION; CLEOFE ) <br> RUBI-GONZALEZ, a/k/a CLEOFE RUBI; ) <br> ANTONIO J. MUNOZ; and THE ZILBERBRAND ) <br> GROUP, LLC, ) <br> ) <br> Defendants. ) | Case No. 1:05CV02184 <br><br> The Honorable Emmet G. Sullivan <br><br> <u>JURY DEMANDED</u> |

<u>ANSWER OF DEFENDANT THE ZILBERBRAND GROUP</u>

Defendant The Zilberbrand Group ("Zilberbrand"), by and through its undersigned counsel, hereby submits its answer to the Complaint filed herein, and states as follows:

<u>NATURE OF THE CASE</u>

1.      Defendant Zilberbrand admits that Plaintiff has brought this action alleging anticipatory breach of contract and breach of contract, and seeks specific performance and injunctive relief. Defendant Zilberbrand denies the remaining allegations set forth in paragraph 1 of the Complaint.

<u>PARTIES</u>

2.      Defendant Zilberbrand does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 2 of the Complaint, and on that basis, denies such allegations.

3.      Defendant Zilberbrand does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3 of the Complaint, and on that basis, denies such allegations.

4. Defendant Zilberbrand does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 4 of the Complaint, and on that basis, denies such allegations.

5. Defendant Zilberbrand does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 5 of the Complaint, and on that basis, denies such allegations.

6. Defendant Zilberbrand admits the allegations set forth in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Defendant Zilberbrand denies the allegations set forth in paragraph 7 of the Complaint. Defendant Zilberbrand will promptly file a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

8. Defendant Zilberbrand denies the allegations set forth in paragraph 8 of the Complaint.

## FACTS

9. Defendant Zilberbrand does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 9 of the Complaint, and on that basis, denies such allegations.

10. Defendant Zilberbrand admits the allegations set forth in the first sentence of paragraph 10 of the Complaint. Defendant Zilberbrand denies the remaining allegations set forth in paragraph 10 of the Complaint.

11. Defendant Zilberbrand denies the allegations set forth in paragraph 11 of the

Complaint.

12. Defendant Zilberbrand does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 12 of the Complaint, and on that basis, denies such allegations.

13. Defendant Zilberbrand does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 13 of the Complaint, and on that basis, denies such allegations.

14. Defendant Zilberbrand does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 14 of the Complaint, and on that basis, denies such allegations.

15. Defendant Zilberbrand admits that it acted as a sales agent with respect to the Sovereign aircraft, that Plaintiff's agent contacted Defendant Zilberbrand regarding the Sovereign aircraft, and that there were negotiations with Plaintiff's agent regarding the Sovereign aircraft. Defendant Zilberbrand denies the remaining allegations set forth in paragraph 15 of the Complaint.

16. Defendant Zilberbrand denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant Zilberbrand admits that a letter dated October 13, 2005, was faxed to Jason Zilberbrand. Defendant Zilberbrand denies the remaining allegations set forth in paragraph 17 of the Complaint.

18. Defendant Zilberbrand does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 18 of the Complaint, and on that basis, denies such allegations.

19. Defendant Zilberbrand denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant Zilberbrand admits that Plaintiff made a deposit of $100,000. Defendant Zilberbrand denies the remaining allegations set forth in paragraph 20 of the Complaint.

21. Defendant admits that it received a letter from Plaintiff on or about October 20, 2005. Defendant Zilberbrand denies the remaining allegations set forth in paragraph 21 of the Complaint.

22. Defendant Zilberbrand does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 22 of the Complaint, and on that basis, denies such allegations.

## COUNT I – ANTICIPATORY BREACH OF CONTRACT

23. Defendant Zilberbrand hereby repeats and incorporates by reference each and every response to each and every allegation of paragraphs 1 through 22, inclusive, as though fully set forth hereat.

24. Defendant Zilberbrand denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant Zilberbrand denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant Zilberbrand denies the allegations set forth in paragraph 26 of the Complaint.

## COUNT II – BREACH OF CONTRACT

27. Defendant Zilberbrand hereby repeats and incorporates by reference each and every response to each and every allegation of paragraphs 1 through 26, inclusive, as though fully set forth hereat.

28. Defendant Zilberbrand denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant Zilberbrand denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant Zilberbrand denies the allegations set forth in paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant Zilberbrand, by and through its undersigned counsel, asserts for its affirmative defenses as follows:

1. This Court lacks personal jurisdiction over Defendant Zilberbrand. Defendant Zilberbrand will promptly file a Motion for Dismissal pursuant to Rule Fed. R. Civ. P. 12(b)(2).

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's claims against Defendant Zilberbrand are barred in whole or in part by the applicable statute of limitations.

4. Plaintiff's claims against Defendant Zilberbrand are barred in whole or in part by one or more of the doctrines of waiver, estoppel, laches and unclean hands.

5. Any loss suffered by Plaintiff, which is hereby specifically denied, was caused solely through the conduct and/or fault of Plaintiff and/or others for whom Defendant Zilberbrand is not responsible, and was not caused by any fault of Defendant Zilberbrand.

6. Plaintiff's claims for damages are barred and/or limited by its failure to mitigate damages.

7. Any damage suffered by Plaintiff, which is hereby specifically denied, was caused by intervening and/or superseding cause, and was not caused by the acts or conduct of Defendant Zilberbrand, or by any persons for whom Defendant Zilberbrand is responsible.

8. Defendant Zilberbrand owes no duty to Plaintiff for which it can be held liable based upon the claims asserted in the Complaint filed herein.

9. There is no privity of contract between Plaintiff and Defendant Zilberbrand.

WHEREFORE, Defendant Zilberbrand prays for judgment against Plaintiff as follows:

A. that the Complaint be dismissed with prejudice with respect to Defendant Zilberbrand;

B. that Plaintiff take nothing from Defendant Zilberbrand by way of damages;

C. that Plaintiff's request for specific performance and/or injunctive relief be denied;

D. that Defendant Zilberbrand be awarded its costs, disbursements, attorney fees and expenses incurred herein; and

E. that Defendant Zilberbrand be awarded such other and further relief as this Court may deem just, necessary and proper.

## JURY DEMAND

DEFENDANT ZILBERBRAND DEMANDS TRIAL BY JURY ON ALL COUNTS DIRECTED AGAINST IT WHICH ARE NOT DISMISSED BY THIS COURT.

Respectfully submitted,

*/s/ David K. Monroe*

David K. Monroe, DC Bar No. 358763
Brendan Collins, DC Bar No. 413658
GALLAND KHARASCH GREENBERG
FELLMAN & SWIRSKY, PC
1054 Thirty-First Street, NW
Washington, DC  20007
Telephone:   202/342-5200
Facsimile:    202/342-5219
Email:         dmonroe@gkglaw.com
                  bcollins@gkglaw.com

DATED: December 15, 2005

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was delivered to the following addressees at the address stated by depositing same in the United States mail, first class postage prepaid, this 15th day of December 2005:

> G. Brian Busey
> John L. Kolakowski
> MORRISON & FOERSTER, LLP
> 1650 Tysons Boulevard – Suite 300
> McLean, VA 22102
> Telephone:   703/760-7700
> Facsimile:   703/760-7777
>
> Attorneys for Plaintiff
> DuPONT FABROS DEVELOPMENT LLC

*Linda D. Thomas*