IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DuPONT FABROS DEVELOPMENT LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOVEREIGN 59 CORPORATION, CLEOFE ) <br> RUBI-GONZÁLEZ, a/k/a CLEOFE RUBI, ) <br> ANTONIO J. MUNOZ, and THE ) <br> ZILBERBRAND GROUP, LLC, ) <br> ) <br> Defendants. ) <br> ) | Case No. 01:05CV02184-EGS <br> JUDGE EMMET G. SULLIVAN |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
RECONSIDERATION OF MINUTE ORDER GRANTING
DEFENDANTS RUBI-GONZALEZ'S AND MUNOZ'S
MOTION FOR EXTENSION OF TIME**

For the reasons set forth below, Plaintiff DuPont Fabros Development LLC opposes the motion of Defendants Cleofe Rubi-Gonzalez and Antonio J. Munoz (the "Individual Defendants") for an extension of time to answer Plaintiff's Complaint. The Court should reconsider its Minute Order and deny the Individual Defendants' motion because time is of the essence in these proceedings due to Plaintiff's request for specific performance, and because the Individual Defendants cannot show good cause for the extension as required by Federal Rule of Civil Procedure 6(b).

Plaintiff's Complaint in these proceedings seeks first and foremost specific performance of a contract through which Plaintiff has obtained the purchase rights to a new Cessna Citation Sovereign aircraft (the "Aircraft"). Plaintiff obtained these purchase rights through a letter agreement executed on October 14, 2005 (the "Agreement") with Defendant Sovereign 59

- 2 -

Corporation, whose sole shareholders to Plaintiff's knowledge are the Individual Defendants. Plaintiff immediately began its performance under the Agreement by making a significant escrow deposit, but learned shortly thereafter that Defendants do not intend to honor the agreement. Instead, they intend to sell the Aircraft's purchase rights and/or the Aircraft itself to an unknown third party.

Upon information and belief, the Cessna Aircraft Company is expected to complete manufacture of, and deliver, the Aircraft as early as January 2006. Accordingly, time is of the essence in this dispute. As explained in Plaintiff's Complaint, the Aircraft model does not have a true equal, and any currently-available alternative would be grossly inferior when considering the Aircraft's combination of purchase price, low maintenance costs and excellent performance characteristics. Moreover, Plaintiff cannot now obtain this model from another source because none currently are available for re-sale, and delivery dates for newly-ordered versions approach two years into the future. Thus, if the Defendants are able to take delivery of the Aircraft and sell it to an unidentified third party as they apparently intend, Plaintiff will be severely prejudiced. Plaintiff will be forced to expend additional resources and funds seeking to retrieve the Aircraft from that party, all while losing the benefits of the Aircraft's use. In light of these damaging foreseeable consequences, the Court should avoid any delay in these proceedings, much less the twenty-three days sought by the Individual Defendants.

The Individual Defendants also have no legitimate need for the extension and have failed to demonstrate the good cause necessary for obtaining one. The Individual Defendants were served with the Complaint on November 21, and pursuant to Fed. R. Civ. P. 12(a), had twenty days to answer or otherwise respond to the Complaint. Their Motion contains no suggestion that they have any peculiar factual circumstances that prevented them from providing a timely

- 2 -

va-145531

Answer by the December 12th deadline. Their failure to meet this deadline is unjustified, and this is clearly evidenced by the fact that their wholly-owned corporation, Defendant Sovereign 59, *was able* to prepare and submit for filing its own respective Answer by that very same date. Defendant Sovereign 59 and the Individual Defendants are similarly-situated, must defend against the same allegations, and are represented by the same local counsel. Thus, it is highly unlikely that there will be any significant differences between the Individual Defendants' factual responses and affirmative defenses and those of Defendant Sovereign 59, yet Defendants Rubi-Gonzalez and Munoz unnecessarily seek more than three additional weeks to respond to Plaintiff's Complaint.

Furthermore, the Individual Defendants – as the sole owners and operators of Defendant Sovereign 59 – should have become aware of the Complaint when their corporation was served on November 15th. Therefore, they likely had almost a whole month to retain counsel and to respond to the Complaint, yet they failed to seek an extension of time from this Court *until the day their Answers were due*. Thus, the Individual Defendants unilaterally decided to provide themselves with an extension of time to respond.[1] This is improper and inexcusable delay on their part. It is no doubt calculated to delay the resolution of this case and provide the maximum window of opportunity for selling and transferring their rights in the Aircraft to a third party in clear breach of the existing Agreement between the parties. The Court should not allow such actions, should reconsider its decision to grant the motion for an extension, should deny the motion for extension and should require the Individual Defendants to show cause as to why they

---

[1] The Individual Defendants' counsel did inquire of Plaintiff's counsel on December 7th as to whether Plaintiff would oppose the requested extension of time, yet, the Individual Defendants still waited five additional days (until the deadline for their Answers) to seek that extension formally from the Court.

- 4 -

should not be held in default under Rule 55(a) for failing to respond to the Complaint on the required date.[2]

Dated: December 15, 2005                    Respectfully submitted,

                                            DuPONT FABROS DEVELOPMENT LLC

                                            By:　　　　　　/s/
                                                G. Brian Busey (DC Bar No. 366760)
                                                John L. Kolakowski (DC Bar No. 476628)
                                                MORRISON & FOERSTER LLP
                                                1650 Tysons Boulevard, Suite 300
                                                McLean, Virginia  22102
                                                Telephone:   (703) 760-7700
                                                Facsimile:   (703) 760-7777

                                            Attorneys for Plaintiff DuPont Fabros
                                            Development LLC.

---

[2] Plaintiff has not been uncooperative during the short life of these proceedings. On the contrary, although Sovereign 59 failed to file its answer to the Complaint within the time provided under Fed. R. Civ. P. 12, Plaintiff agreed to a short one-week extension of time for Defendant Sovereign 59 to respond to Plaintiff's Complaint, to a December 12 date coinciding with the deadline for the Individual Defendants' Answers.

- 4 -

va-145531