IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DuPONT FABROS DEVELOPMENT LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Case No. 1:05CV02184 <br> SOVEREIGN 59 CORPORATION; CLEOFE ) <br> RUBI-GONZALEZ, a/k/a CLEOFE RUBI; ) The Honorable Emmet G. Sullivan <br> ANTONIO J. MUNOZ; and THE ZILBERBRAND ) <br> GROUP, LLC, ) <br> ) <br> Defendants. ) | |

DEFENDANT THE ZILBERBRAND GROUP'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant The Zilberbrand Group ("Zilberbrand"), by and through its undersigned counsel, hereby respectfully submits this Memorandum in support of its Motion to Dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.

I.   INTRODUCTION

This is an action brought by Plaintiff DuPont Fabros Development LLC ("DuPont") to enforce an alleged letter contract for the purchase of a Cessna Citation Sovereign aircraft (hereinafter, the "Aircraft"). The Complaint alleges that Defendant Sovereign 59 Corporation ("Sovereign 59") entered into a binding letter contract for the sale of the Aircraft to Plaintiff, but that Sovereign 59 subsequently repudiated and/or refused to perform under the alleged agreement. The Complaint names as Defendants Sovereign 59, alleged to be the owner of the Aircraft, as well as Sovereign 59's two shareholders, Cleofe Rubi-Gonzalez, a/k/a Cleofe Rubi ("Rubi"), and Antonio Munoz ("Munoz"). In addition, the Complaint names Zilberbrand – which acted solely as the sales agent for Sovereign 59 – as a Defendant in this action.

Zilberbrand brings this motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that Zilberbrand is not subject to personal jurisdiction in the District of Columbia. As a preliminary matter, Plaintiff has not met its burden of establishing a factual basis for the exercise of personal jurisdiction over Zilberbrand. Indeed, the Complaint is devoid of any factual allegations sufficient to establish personal jurisdiction over Zilberbrand. Moreover, Zilberbrand is not subject to general jurisdiction in the District of Columbia, pursuant to D.C. Code § 13-334. Zilberbrand is a Delaware corporation with its principal place of business in Chicago, Illinois. Zilberbrand does not conduct business in the District of Columbia, and it has no offices, operations, employees or other systematic or continuous contacts with the District of Columbia.

Similarly, Zilberbrand is not subject to specific jurisdiction under D.C. Code § 13-423 in connection with the claims asserted in the Complaint. Zilberbrand has not purposefully availed itself of the privilege of transacting business in the District of Columbia by establishing any minimum contacts with the District of Columbia. Moreover, as the Complaint itself alleges, Zilberbrand acted solely as the sales agent for Defendant Sovereign 59 in connection with the aborted sale of the Aircraft to Plaintiff. As a result, even if Zilberbrand did have contacts with the District of Columbia on behalf of its principal, such contacts could not be attributed to Zilberbrand for the purposes of establishing personal jurisdiction over Zilberbrand in the District of Columbia. In any event, all of the services provided by Zilberbrand as Sovereign 59's agent were performed in Chicago, Illinois, and virtually all of the contacts Zilberbrand had with Plaintiff were through Plaintiff's agent, who was located in California.

Zilberbrand also moves to dismiss the Complaint against Zilberbrand pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. Even a cursory review of the Complaint

makes clear that Plaintiff has not asserted any claim against Zilberbrand upon which relief could be granted. All of the claims asserted in the Complaint are based on the alleged letter contract for purchase of the Aircraft, a copy of which is attached to the Complaint. However, Zilberbrand did not sign the alleged contract or otherwise become a party to the alleged contract. In addition, all of the obligations set forth in the alleged agreement run between Plaintiff and Sovereign 59 – the alleged owner of the Aircraft. The alleged contract simply does not impose any obligations on Zilberbrand. Obviously, Zilberbrand cannot possibly be found to have breached a contract (1) to which it is not a party, and (2) which imposes no obligations on Zilberbrand in any event. Since neither the Complaint nor the attached alleged contract allege any facts supporting any possible claim against Zilberbrand, the Complaint should be dismissed as to Zilberbrand.

II.     FACTUAL BACKGROUND

Zilberbrand is a corporation formed under the laws of the State of Delaware; its headquarters are located at 1503 N. Park Avenue, Chicago, Illinois 60610. Declaration of Ronald Zilberbrand (hereinafter, "Zilberbrand Decl.") at ¶ 2. Zilberbrand is in the business, *inter alia*, of providing sales and marketing representation in connection with the purchase and sale of business aircraft. *Id.* In particular, Zilberbrand acts as a sales and marketing agent on behalf of owners wishing to sell business aircraft, performing a number of tasks, including advertising the aircraft, handling inquiries from interested parties, and referring offers to the owner. *Id.* When acting as a sales agent, Zilberbrand has no ownership interest in the aircraft being sold and no authority to enter into contracts on behalf of its principal. *Id.* Zilberbrand typically performs all of its sales representative services from its offices in Chicago, Illinois. *Id.*

Zilberbrand is not licensed to conduct business in the District of Columbia, and does not perform any services in the District of Columbia. *Id.* at ¶ 3. Zilberbrand does not have any offices, employee, agents, or bank accounts in the District of Columbia. *Id.* Zilberbrand does not own or lease any real property in the District of Columbia, and it does not pay taxes in the District of Columbia. Zilberbrand does not have any parent or subsidiary corporations that operate or perform services in the District of Columbia. *Id.* Zilberbrand has not consented to jurisdiction in the District of Columbia, and has not designated any person in the District of Columbia to accept service of process on its behalf. *Id.*

Zilberbrand acted as the sales agent for the owner of the Aircraft at issue in this action. Zilberbrand listed the availability of the Aircraft for sale, and received inquiries from a number of interested parties, including from Plaintiff's agent, Silvano Cesa. *Id.* at ¶ 4. Zilberbrand subsequently had approximately 6 –7 telephones communications with Mr. Cesa regarding the Aircraft. *Id.* During each of these telephone communications, Zilberbrand's employee was located at Zilberbrand's offices in Illinois, while Mr. Cesa was located in his office in California. *Id.* During one telephone call between Zilberbrand and Mr. Cesa, Mr. Cesa joined a representative of Plaintiff into an ongoing telephone call. *Id.* At no time did Zilberbrand ever initiate a call to Plaintiff or anyone else in the District of Columbia regarding the Aircraft. *Id.*

Zilberbrand does not now, nor has it ever, had an ownership interest in the Aircraft, and specifically advised Plaintiff's agent that Zilberbrand was acting solely as a sales agent on behalf of Sovereign 59. *Id.* at ¶ 5. Zilberbrand also had no authority to accept any offers or enter into any contracts on behalf of Sovereign 59, and specifically advised Plaintiff's agent of that fact as well. *Id.* In October 2005, Zilberbrand received the alleged letter agreement attached to the Complaint

(hereinafter, the "Letter") by fax from Plaintiff's agent, Mr. Cesa. *Id.* at ¶ 6. Zilberbrand forwarded the Letter to Sovereign 59. Zilberbrand did not sign or otherwise agree to the terms of the Letter. *Id.*

### III. THE ZILBERBRAND GROUP IS NOT SUBJECT TO PERSONAL JURISDICTION IN THE DISTRICT OF COLUMBIA

#### A. Applicable Legal Standards

Defendant Zilberbrand challenges the exercise of personal jurisdiction over it in this diversity action. When the exercise of personal jurisdiction is challenged, the plaintiff has the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *See Murphy v. PriceWaterhouseCoopers, LLP*, 357 F. Supp. 2d 230, 242 (D.D.C. 2004). A plaintiff may not meet its burden through bare allegations or conclusory statements; it must make a *prima facie* showing of personal jurisdiction. *See, e.g., First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988); *Novak-Canzeri v. Sand*, 864 F. Supp. 203, 205 (D.D.C. 1994); *Sunlite, Inc. v. Big Bank AG*, 849 F. Supp. 74, 75 (D.D.C. 1994) (plaintiff must allege specific acts connecting the defendant with the forum state; bare allegations and conclusory statements do not constitute a *prima facie* showing). In particular, plaintiff must at a minimum allege specific facts evidencing purposeful activity by the defendant in the District of Columbia by which it invoked the benefits and protections of its laws. *See Comsat Corp. v. Finshipyards, S.A.*, 900 F. Supp. 515, 522-23 (D.D.C. 1995); *Novak-Canzeri*, 864 F. Supp. at 205. In ruling on a motion to dismiss pursuant to Rule 12(b)(2), the court must accept the plaintiff's factual allegations as true, unless the allegations are directly contradicted by affidavit. *AGS Intern Services S.A. v. Newmont USA Ltd.*, 346 F. Supp. 2d 64, 73 (D.D.C. 2004); *Novak-Canzeri*, 864 F. Supp. at 206.

A federal court sitting in diversity must conduct a two-step analysis to determine whether jurisdiction may properly be exercised over a non-resident defendant. *See, e.g., Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002); *GTE New Media Services, Inc. v. Ballsouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). First, the court must determine whether the exercise of personal jurisdiction over a non-resident is proper under the laws of the District of Columbia. *GTE New Media Services, Inc.*, 199 F.3d at 1347. Second, if jurisdiction may be exercised under District of Columbia law, the court must further determine that the exercise of personal jurisdiction comports with the Due Process clause of the United States Constitution. *Id.* The exercise of personal jurisdiction over a non-resident defendant satisfies due process where (1) the defendant has established "minimum contacts" with the forum such that he should reasonably anticipate being haled into court there, and (2) the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See, e.g., United States v. Ferrara*, 847 F. Supp. 964 (D.D.C. 1993). In order to meet the minimum contact requirements, the plaintiff must demonstrate, at a minimum, "some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Comsat Corp. v. Finshipyards S.A.M.*, 900 F. Supp. at 522-523; *Reiman v. First Union Real Estate Equity & Mort.*, 614 F. Supp. 255, 257 (D.D.C. 1985).

The law of the District of Columbia provides for both general and specific jurisdiction over non-resident defendants. *See* D.C. Code § 13-334(a) (general jurisdiction) and § 13-423 (specific jurisdiction). A non-resident defendant subject to general jurisdiction is treated for jurisdictional purposes as if it is a District of Columbia resident, and can be sued on any claim whether or not it arises from its contacts with the District of Columbia. *See, e.g., AGS Intern. Services S.A. v.*

*Newmont USA Ltd.*, 346 F. Supp. 2d at 74. However, general jurisdiction may be asserted over a non-resident defendant only if its contacts with the District of Columbia are "continuous and systematic." *Id.*; *Garmon v. Ameritrade Holding Corp.*, 293 F.3d at 509-510. A non-resident defendant may be subject to a specific jurisdiction, on the other hand, only when plaintiff's claim arises out of the defendant's "minimum contacts" with the District of Columbia. D.C. Code § 13-423(b).

      B.     <u>Zilberbrand Is Not Subject To General Jurisdiction In The District Of Columbia</u>

The Complaint does not allege that Zilberbrand is subject to general jurisdiction in the District of Columbia, nor could it reasonably do so. As set forth in the Declaration of Ronald Zilberbrand, Zilberbrand simply does not have the "continuous and systematic" contacts with the District of Columbia necessary for the exercise of general jurisdiction. Zilberbrand is a Delaware corporation, having its only office in Chicago, Illinois. Zilberbrand Declaration at ¶ 2. It is not licensed to conduct business in the District of Columbia, and does not perform any services in the District of Columbia. *Id.* at ¶ 3. Zilberbrand does not have any offices, employees, agents or bank accounts in the District of Columbia. It does not own or lease any real property in the District of Columbia, and it does not pay taxes in the District of Columbia. *Id.* Similarly, Zilberbrand does not have any parent or subsidiary corporations that operate or perform services in the District of Columbia. *Id.* Finally, Zilberbrand has not consented to jurisdiction in the District of Columbia, and has not designated any person in the District of Columbia to accept service of process on its behalf. *Id.* Consequently, there is simply no basis for finding that Zilberbrand is "doing business" in the District of Columbia such that it can be subject to general jurisdiction in the District of Columbia. *See, e.g., AGS Intern. Services S.A. v. Newmont USA Ltd.*, 346 F. Supp. 2d at 74.

C.  <u>Zilberbrand Is Not Subject To Specific Jurisdiction In The District Of Columbia</u>

Plaintiff appears to assert personal jurisdiction over Zilberbrand pursuant to the "transacting business" provision of the D.C. long arm statute, D.C. Code § 13-423(a)(1). *See* Complaint at ¶ 7.[1]  To establish personal jurisdiction over Zilberbrand under the transacting business provision, Plaintiff must demonstrate that:

(i)   Zilberbrand transacted business in the District of Columbia;
(ii)  the claim arose from the business in the District of Columbia;
(iii) Zilberbrand had minimum contacts with the District of Columbia; and
(iv)  the Court's exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

*See, e.g., AGS Intern. Services v. Newmont USA Ltd.*, 346 F.3d at 78; *Formica v. Cascade Candle Co.*, 125 F. Supp. 2d 552, 553 (D.D.C. 2001).

Plaintiff cannot establish personal jurisdiction over Zilberbrand under the "transacting business" section of the D.C. long arm statute for several reasons. As a preliminary matter, Plaintiff has failed to allege any factual basis for the exercise of specific jurisdiction over Zilberbrand. Indeed, the Complaint contains no allegations that, if taken to be true, would support the exercise of personal jurisdiction over Zilberbrand. The conclusory allegations in paragraphs 7 and 8 of the Complaint, to the effect that personal jurisdiction is proper, are clearly not sufficient to meet Plaintiff's burden to establish jurisdiction. *See Novak-Canzeri v. Saud*, 864 F. Supp. 203, 206 (D.D.C. 1994) (conclusory assertions of jurisdiction not sufficient to avoid dismissal under Rule 12(b)(2)).

---

[1]   Plaintiff asserts jurisdiction under D.C. Code § 13-423(a) without specifying the particular section upon which it relies. Zilberbrand assumes Plaintiff intends to rely on § 13-423(a)(1) – the "transacting business" section – since it appears that none of the other sections of § 13-423(a) could possibly apply to the circumstances in this case.

Moreover, none of the other allegations in the Complaint relating to Zilberbrand identify any purposeful activity on the part of Zilberbrand establishing minimum contacts between Zilberbrand and the District of Columbia. For example, the Complaint alleges that Plaintiff or Plaintiff's agent initiated several contacts with Zilberbrand with respect to the Aircraft, but does not allege that Zilberbrand ever initiated any contact with Plaintiff in the District of Columbia. *See* Complaint at ¶¶ 15, 17, 19, 21. The only allegation in the Complaint suggesting any direct contact between Zilberbrand and the District of Columbia is that Zilberbrand was aware that during one telephone conference call, one of Plaintiff's principals participated from his office in Washington DC. *See* Complaint at ¶ 16. But the Complaint does not allege that Zilberbrand initiated the call or otherwise purposefully reached out to the District of Columbia. In fact, the opposite is true. Plaintiff's agent initiated the contact with Plaintiff's principal by joining him into an ongoing telephone conference. *See* Zilberbrand Decl. at ¶ 4. The unilateral actions of a forum resident cannot provide the basis for the minimum contact required for the exercise of jurisdiction over a non-resident defendant. *See Reiman v. First Union Real Estate Equity & Mort.*, 614 F. Supp. 255, 257 (D.D.C. 1985).

For similar reasons, Plaintiff has not, and cannot, establish that Zilberbrand transacted any business in the District of Columbia or had any minimum contacts with the District of Columbia. As set forth in the attached Zilberbrand Declaration, Zilberbrand never initiated any contacts with Plaintiff in the District of Columbia, but instead dealt almost entirely with Plaintiff's agent who was located in California. *See* Zilberbrand Decl. at ¶¶ 4-5. Simply put, Zilberbrand never engaged in the kind of purposeful activity required to establish the minimum contacts required to support a jurisdictional connection with the District of Columbia.

Moreover, even if Zilberbrand were deemed to have had some "minimum contacts" with the District of Columbia in relation to the transaction at issue, such contacts would not establish jurisdiction over Zilberbrand. Both the Complaint and the alleged letter agreement attached to the Complaint specifically acknowledge that Zilberbrand acted as the agent for Sovereign 59 with respect to the transaction at issue. *See* Complaint at ¶¶ 15, 19, and Exhibit A to the Complaint at 1 ("we understand that you are the exclusive sales representative of the Sovereign 59 Corp ... ").[2] An agent's contacts with the District of Columbia undertaken in its representational or official capacity do not establish jurisdiction over the agent in its individual capacity. *See, e.g., Overseas Partners v. Progen Musavirlik Ve Yonetim*, 15 F. Supp. 2d 47, 51 (D.D.C. 1998) ("jurisdiction over officers of a corporation in their individual capacities must be based on their personal contacts with the forum, not their acts or contacts carried out solely in a corporate capacity"). *American Ass'n of Cruise Passengers v. Cunard Line*, 691 F. Supp. 379, 380 (D.D.C. 1997) (contacts with District of Columbia undertaken in a representational or official capacity are not sufficient to confer jurisdiction over a defendant sued in his individual capacity). As a result, even if Zilberbrand had established some "minimum contacts" with the District of Columbia in connection with the sale of the Aircraft, such contacts would have been made in Zilberbrand's capacity as the agent for Sovereign 59, and thus would not subject Zilberbrand itself to the jurisdiction of the Courts of the District of Columbia.

---

[2] Although it is difficult to tell from the copy of the letter attached to the Complaint, the alleged letter agreement contemplated that Zilberbrand would sign the letter as "agent for" Sovereign 59. Zilberbrand did not sign the letter, however, and the "agent for" language is lined out.

IV.  PLAINTIFF HAS FAILED TO STATE A VIABLE CLAIM AGAINST ZILBERBRAND

A.  Applicable Legal Standard

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where defendant has shown "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See In re Swine Flu Immunization Products Liability Litigation*, 880 F.2d 1439, 1442 (D.C. Cir. 1989), *quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). In ruling on a motion brought pursuant to Rule 12(b)(6), the Court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiffs." *See, e.g., Fitts v. Federal Nat'l Mortgage Ass'n*, 44 F. Supp. 2d 317, 321 (D.D.C. 1999). The court need not accept as true, however, plaintiff's assertions of legal conclusions. *See Artis v. Greenspan*, 158 F.3d 1301, 1306 (D.C. Cir. 1998).

B.  Zilberbrand Is Not A Party To The Contract Which Forms The Basis For All Of Plaintiff's Claims

The only causes of action asserted against Zilberbrand in the Complaint are for (1) anticipatory breach, and (2) breach of the alleged letter contract attached to the Complaint as Exhibit A. *See* Complaint at ¶¶ 23-26 (anticipatory breach) and ¶¶ 27-30 (breach). The allegations of the Complaint make crystal clear, however, that Zilberbrand is not a party to the alleged letter contract. For example, paragraph 17 of the Complaint describes the letter as "a proposed letter agreement dated October 13, 2005, between *Plaintiff* and *Defendant Sovereign 59* . . . ." (Emphasis added.) Paragraph 18 of the Complaint alleges that Sovereign 59's president "signed the amended letter agreement on behalf of Defendant Sovereign 59." Paragraph 19 of the Complaint alleges that Plaintiff "accepted *Sovereign 59's* counteroffer" by signing and returning the letter. (Emphasis

11

added.) Paragraph 21 of the Complaint alleges that Plaintiff learned that "*Sovereign 59* intended to disregard the Letter Agreement." (Emphasis added.) There simply are no allegations in the Complaint that Zilberbrand executed the alleged letter agreement or otherwise became a party to the alleged contract.

Since Zilberbrand is not a party to the alleged contract, it is axiomatic that it cannot be sued for its breach. *See Wallace, ex rel Cencom v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999) ("only a party to a contract may be sued for breach of that contract." *See also EEOC v. Waffle House, Inc.* 122 S. Ct. 754, 764 (2002) ("it goes without saying that a contract cannot bind a nonparty").[3] Consequently, Plaintiff has not, and cannot, possibly state a viable claim against Zilberbrand for breach of the alleged letter contract – an alleged contract to which Zilberbrand is not a party. Dismissal under Rule 12(b)(6) is therefore appropriate in this action.

    C.    Zilberbrand Cannot Possibly Be Found To Have Breached The Alleged Letter Agreement Because Its Terms Do Not Impose Any Obligations On Zilberbrand

A review of the alleged letter agreement attached to the Complaint makes clear that the alleged contract imposes no obligations whatsoever on Zilberbrand. In fact, all of the rights and obligations under the alleged contract – including the obligation to sell the Aircraft that Plaintiff alleges was breached – run between Sovereign 59 (defined in the alleged contract as the "Seller") and Plaintiff (defined in the alleged agreement as the "Buyer"). Since Zilberbrand has no duties or obligations under the plain terms of the alleged contract, it cannot possibly have breached any obligation under the contract. Thus, even if Zilberbrand were somehow found to be a party to the alleged agreement, Plaintiff could not allege a viable claim against Zilberbrand for breach of the

---

[3]     Both the Complaint and the alleged letter contract indicate that the alleged agreement is to be governed by the laws of Delaware. *See* Complaint at ¶ 19, and Exhibit A at 2.

alleged agreement.

Since Plaintiff has not, and cannot, assert a viable claim for breach of the alleged agreement against Zilberbrand, this Court should dismiss the Complaint against Zilberbrand pursuant to Fed. R. Civ. P. 12(b)(6).

V.   CONCLUSION

For all of the foregoing reasons, Defendant Zilberbrand's Motion to Dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted should be dismissed.

Respectfully submitted,

*(signature)*

David K. Monroe, DC Bar No. 358763
Brendan Collins, DC Bar No. 413658
GALLAND KHARASCH GREENBERG
FELLMAN & SWIRSKY, PC
1054 Thirty-First Street, NW
Washington, DC  20007
Telephone:   202/342-5200
Facsimile:   202/342-5219
Email:       dmonroe@gkglaw.com
             bcollins@gkglaw.com

DATED:  December 23, 2005

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was delivered to the following addressees at the address stated by depositing same in the United States mail, first class postage prepaid, this 23rd day of December 2005:

G. Brian Busey
John L. Kolakowski
MORRISON & FOERSTER, LLP
1650 Tysons Boulevard – Suite 300
McLean, VA 22102
Telephone:   703/760-7700
Facsimile:   703/760-7777

Attorneys for Plaintiff
DuPONT FABROS DEVELOPMENT LLC

Stephen H. Marcus
LAW OFFICE OF STEPHEN H. MARCUS
1050 Seventeenth Street, NW – Suite 600
Washington, DC 20036
Telephone:   202/776-0651
Facsimile:   202/331-7272

and

Orlando Fernandez
GARCIA & FERNANDEZ
33 Bolivia Street – Suite 701
San Juan, PR 00917
Telephone:   787/764-1932
Facsimile:   787/766-2132

Attorneys for Defendants
SOVEREIGN 59 CORPORATION, INC.,
CLEOFE RUBI-GONZALES and ANTONIO J. MUNOZ

_Linda D. Thomas_