IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DuPONT FABROS DEVELOPMENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05CV02184 |
| ) | |
| SOVEREIGN 59 CORPORATION; CLEOFE ) | The Honorable Emmet G. Sullivan |
| RUBI-GONZALEZ, a/k/a CLEOFE RUBI; ) | |
| ANTONIO J. MUNOZ; and THE ZILBERBRAND ) | |
| GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF RONALD ZILBERBRAND

I, Ronald Zilberbrand, do hereby declare and state as follows:

1. I am chief executive officer of The Zilberbrand Group, LLC ("Zilberbrand"), and I make this declaration in support of Zilberbrand's Motion to Dismiss the Complaint in this action. I have personal knowledge of the facts set forth in this Declaration.

2. Zilberbrand is a corporation formed under the laws of the state of Delaware, and has its headquarters at 1503 North Park Avenue, Chicago, Illinois, 60610. Zilberbrand is in the business, among other things, of providing sales and marketing representation in connection with the purchase and sale of business aircraft. Zilberbrand acts as a marketing agent on behalf of owners wishing to sell business aircraft, and it performs a number of tasks, including advertising the aircraft, handling inquiries from interested parties and referring offers to the owners. When acting as a sales agent, Zilberbrand has no ownership interest in the aircraft being sold, and has no authority to enter into contracts on behalf of its principals. Zilberbrand typically performs all of its sales representative services from its offices in Chicago, Illinois.

3. Zilberbrand is not licensed to conduct business in the District of Columbia, and does not perform any services in the District of Columbia. Zilberbrand does not have any offices, employees, agents or bank accounts in the District of Columbia. Zilberbrand does not own or lease any real property in the District of Columbia, and it does not pay taxes in the District of Columbia. Zilberbrand does not have any parent or subsidiary corporations that operate or perform services in the District of Columbia. Zilberbrand has not consented to jurisdiction in the District of Columbia, and has not designated any person in the District of Columbia to accept service of process on its behalf.

4. Zilberbrand acted solely as a sales agent for the owner of the Sovereign aircraft which is the subject of this lawsuit. Zilberbrand listed the availability of the aircraft for sale, received inquiries from a number of interested parties, including Plaintiff's agent, Silvano Cesa. Zilberbrand subsequently had about six or seven telephone communications with Mr. Cesa regarding the aircraft. During each of these telephone communications, Zilberbrand's employee was located at Zilberbrand's offices in Illinois, while Mr. Cesa was located in his office in California. During one telephone call between Zilberbrand and Mr. Cesa, Mr. Cesa conferenced in a representative of Plaintiff into an ongoing telephone call. At no time did Zilberbrand ever initiate a call to Plaintiff or anyone else in the District of Columbia regarding the sale of the aircraft.

5. Zilberbrand does not now have an ownership interest in the aircraft, nor has it ever had such an interest. Zilberbrand informed Mr. Cesa on several occasions that Zilberbrand was acting solely as the sales agent on behalf of Sovereign 59 with respect to the Aircraft, and that Zilberbrand had no ownership interest in the aircraft or authority to accept any offers or enter into any contracts on behalf of Sovereign 59.

6.  In mid October 2005, Zilberbrand received from Mr. Cesa by fax the letter that is attached to the Complaint, and forwarded that letter to Sovereign 59. Zilberbrand did not sign or otherwise agree to the terms of the letter.

I declare under the penalties of perjury under the laws of the District of Columbia and the United States that the foregoing is true and correct to the best of my personal knowledge and information.

_____
Ronald Zilberbrand

12-21-05
_____
Date