## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DuPONT FABROS DEVELOPMENT** | **CASE No. 1:05CV02184** |
| **Plaintiff,** | |
| **vs.** | **Judge Emmet G. Sullivan** |
| **SOVEREIGN 59 CORPORATION, CLEOFE RUBI-GONZALEZ, a/k/a CLEOFE RUBI, ANTONIO J. MUÑOZ, and THE ZILBERBRAND GROUP** | |
| **Defendants.** | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST SOVEREIGN 59 CORP., CLEOFE RUBI-GONZALEZ AND ANTONIO MUNOZ

Defendants Sovereign 59 Corp. ("Sovereign 59"), Cloefe Rubi-Gonzalez ("Rubi") and Antonio J. Munoz ("Munoz"), through undersigned counsel, move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). We move on the following grounds: First, the complaint fails to allege the "minimum contacts" necessary to trigger the application of the District of Columbia's long-arm statute to these defendants. Second, the complaint does not assert a cognizable claim against Rubi or Munoz. The complaint asserts anticipatory breach and breach of contract claims based on Sovereign 59's alleged failure to sell or transfer its rights to a jet aircraft. Under applicable corporate liability law, the owners of a corporation aren't liable for the alleged liabilities of their corporation.

### I.    FACTUAL BACKGROUND

DuPont Fabros, a Delaware limited liability company, alleges that it signed a letter of intent ("LOI") with Sovereign 59 Corporation ("Sovereign 59") whereby

Sovereign 59 agreed to sell or assign its right to purchase a Cessna Citation Sovereign jet aircraft (the "Aircraft") from Cessna Aircraft Company ("Cessna"). DuPont Fabros contends that the LOI was a contractually binding agreement. It further alleges that Sovereign 59 is in anticipatory breach and breach of the LOI because it failed to sell or assign its rights to the Aircraft to DuPont Fabros.

The complaint further alleges that Sovereign 59 is a Delaware corporation whose sole purpose is to purchase and deliver the Aircraft. Rubi is alleged to be the President of Sovereign 59 and he, together with Munoz, is alleged to be Sovereign 59's only shareholders. The complaint further alleges that Sovereign 59's principal place of business is in Puerto Rico, and that Rubi and Munoz reside in Puerto Rico.

In support of its contention that Sovereign 59, Rubi and Munoz are subject to the personal jurisdiction of this Court, DuPont Fabros makes two factual allegations: First, it alleges that a conference call was held on October 12, 2005 in which Hossein Fateh ("Fateh"), one of DuPont Fabros' two members, participated from Washington, D.C., where he allegedly resides.[1]  DuPont alleges that the participants in the call knew that Fateh was participating from his office in D.C. Complaint ¶ 16. Second, DuPont Fabros alleges that on October 14, 2005 Rubi received the LOI, made handwritten changes, initialed and signed the LOI, and then faxed it to Fateh in Washington, D.C.[2]

DuPont Fabros alleges this Court has personal jurisdiction pursuant to D.C. Code § 13-423(a) – the District of Columbia long-arm statute.

---

[1] Although the Complaint alleges there were "numerous telephone communications," the October 12, 2005 call is the only telephone call that is specified.

[2] According to the Complaint, the sequence was as follows: Fateh faxed the LOI to Sovereign 59's alleged agent, Defendant The Zilberbrand Group, LLC ("Zilberbrand"), which has its principal place of business in Chicago. Complaint ¶ 6.  The Complaint implies that Zilberbrand then faxed the LOI to Sovereign 59 in Puerto Rico.  Then, after Rubi amended the LOI, he faxed it to Fateh in Washington.  Fateh initialed the changes and faxed it to Zilberbrand.  Complaint ¶¶ 17-19.

As we show below, these "contacts" are insufficient to establish this Court's personal jurisdiction over Sovereign 59, Rubi or Munoz.   We also show that the complaint fails to state a claim against Rubi or Munoz.

## II.    LEGAL STANDARD FOR DISMISSING A COMPLAINT ON THE GROUNDS OF LACK OF PERSONAL JURISDICTION

In order for this Court to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under the District of Columbia long-arm statute and be consistent with the requirements of due process.  United States v. Ferrrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Gardner v. United States, 1999 U.S. Dist. LEXIS 2195 *5-6 (D.D.C. Jan. 29, 1999).  The burden is on the plaintiff to establish personal jurisdiction and to allege specific facts on which personal jurisdiction may be based.  Gardner at *6 (citing Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D.D.C. 1998)); Dynamic Concepts, Inc. v. U-Tech Services Corp., 2000 U.S. Dist. LEXIS 6497 * 4 (Jan. 31, 2000) ("plaintiff bears the burden of establishing personal jurisdiction by alleging factual underpinnings for the exercise of such jurisdiction over the defendant").

The Supreme Court has held that "[the] constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."  Burger King Corp. v. Rudzewicz, 471 U.S., 462, 474 (quoting International Shoe Co. v. Washington, 326 U.S., 316.   In order to establish "minimum contacts," "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Burger King, 471 U.S. at 475.

Plaintiff alleges that this Court has personal jurisdiction under D.C. Code § 13-423(a).  Although not stated, it is apparent from the complaint that Plaintiff based its

4

claim for personal jurisdiction on D.C. Code § 13-423 (a)(1), namely, "transacting any

business in the District of Columbia."   The legal requirements in such circumstances

were stated in <u>Dynamic Concepts</u> as follows:

> [p]laintiff must prove that (1) defendant transacted business in the District,
> (2) the claim arose from the business transacted in the District, and (3) the
> defendant purposely established minimum contacts with the District such
> that the Court's exercise of personal jurisdiction would not offend
> "traditional notions of fair play and substantial justice." (Citation omitted.)

<u>Id.</u> at *6.  <u>See</u> <u>also</u>, <u>Naegele</u> v. <u>Albers</u>, 355 F. Supp. 2d 129, 137 (D.D.C. 2005).

### III.    RUBI-GONZALEZ AND MUNOZ DID NOT <u>TRANSACT BUSINESS IN THE DISTRICT OF COLUMBIA</u>

The jurisdictional underpinnings of this action cannot support personal

jurisdiction over Sovereign 59, Rubi or Munoz.  The <u>only</u> jurisdictional contacts alleged

are a telephone call in which Fateh participated from Washington, and Rubi's faxing of

the LOI from Puerto Rico to Fateh in Washington. It is well settled that "communications

alone are not enough to constitute minimum contacts." <u>Dynamic Concepts</u>, at *13

("[u]nder the applicable case law, and particularly *Mitchell*, the telephone, fax, and mail

communications between the parties are not enough to constitute minimum contacts

sufficient to trigger D.C. long-arm jurisdiction"); <u>see</u> <u>also</u>, <u>Mitchell Energy Corp.</u> v. <u>Mary

Helen Coal Co.</u>, 524 F. Supp. 558, 564 (D.D.C. 1996); <u>Richter</u> v. <u>Analex Corp.</u>, 940 F.

Supp. 353, 359 (D.D.C. 1996).

We also note that Rubi's act of faxing a letter that he signed as "President" of

Sovereign 59, cannot be the basis for jurisdiction over him since he plainly was acting in

his corporate capacity.  This point was succinctly stated in <u>Overseas Partners, Inc</u>. v.

<u>Progen Musavirlik</u>, 15 F. Supp. 2d 47, 51 (D.D.C. 1998) where Judge Harris stated  that

"[p]ersonal jurisdiction over officers of a corporation in their individual capacity must be based on their personal contacts with the forum, not their acts and contacts carried out solely in a corporate capacity."  The complaint does not allege that Rubi or Munoz had any contacts with the District of Columbia in their personal capacity.

Accordingly, Sovereign 59, Rubi and Munoz did not "transact business" in the District of Columbia within the meaning of D.C.'s long-arm statute.  Moreover, there is no allegation, let alone proof, that any of the defendants "purposely established minimum contacts with the District."   Thus, the Complaint must be dismissed on the grounds of lack of personal jurisdiction.

### IV.    LEGAL STANDARD FOR DISMISSING A COMPLAINT FOR FAILURE TO STATE A CLAIM

A motion under Fed. R. Civ. P. 12(b)(6) will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also, Reynolds v. The U.S. Capitol Police Board, 357 F. Supp. 2d 2, 13 (D.D.C. 2004).  Although the Court should accept as true all of the factual allegations in the complaint and construe the complaint liberally in favor of the plaintiff, it should not "accept inferences drawn by [the] plaintiffs if such inferences are unsupported by the facts set out in the complaint.'" Reynolds, at 13-14 (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).   The court can "fully resolve any purely legal question on a motion to dismiss." Marshall Co. Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993); see also, Gardner, at *6-7.

### V.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST RUBI AND MUNOZ

DuPont Fabros' claims against Rubi and Munoz must be dismissed because they are not parties to the LOI that lies at the core of this action.  The LOI clearly states that Sovereign 59 is the "Seller" and that DuPont Fabros is the "Buyer."  They are the only parties to the LOI.  The LOI is signed on behalf of Sovereign 59 "By" Cleofe Rubi who is identified as Sovereign 59's "President."  The complaint does not allege that Rubi or Munoz engaged in conduct other than through Sovereign 59.  Moreover, the complaint plainly states in Paragraph 1 that "this is an action for breach of a contract in which Defendant Sovereign 59 Corporation failed to sell, transfer and assign to DuPont purchase rights to a Cessna Citation Sovereign aircraft."

The law of Delaware is crystal clear that those in control of a corporation aren't liable for its obligations.  Irwin & Leighton, Inc. v. Anderson Co., 532 A.2d 983, 987 (Del. Ch. 1987) ("Thus, while there may be independent grounds to hold another liable for the obligations of a corporation – as an agent of the corporation or as a guarantor or surety – those in control of a corporation are not typically liable for distinctly corporate obligations by reason of that control"); David v. Mast, 1999 Del. Ch. LEXIS 34 (Del. Ch. Mar. 2, 1999) ("The legal entity of a corporation will not be disturbed  until sufficient reason appears"); Harco Nat'l Ins. Co. v. Green Farms, Inc., 1989 Del. Ch. LEXIS 114 (Del. Ch. Sept. 19, 1989) (same).  Although liability may be extended to those in control of a corporation in limited circumstances such as fraud or where veil piercing is appropriate, Irwin & Leighton, at 987, the complaint makes no allegations of this type.

Accordingly, the complaint should be dismissed against Rubi and Munoz for the additional reason that they cannot be held personally liable for Sovereign 59's alleged breach of its contractual obligations.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the complaint should be dismissed against

Sovereign 59, Rubi and Munoz on the grounds of lack of personal jurisdiction.  The

complaint should be dismissed against Rubi and Munoz on the additional ground that it

does not state a legally cognizable claim against them.

Respectfully submitted,


_____/s/_____
Stephen H. Marcus, Esq.
Law Office of Stephen H. Marcus
D.C. Bar No. 394419
1050 17th Street. N.W.,
Suite 600
Washington, D.C.  20036
Tel: 202-776-0651
Fax: 202-331-7272


Orlando Fernandez, Esq.
Garcia & Fernandez
33 Bolivia Street
Suite 701
San Juan, P.R.  00917
Tel:  787-764-1932
Fax: 787-766-2132

Counsel for Defendants
Sovereign 59 Corporation, Inc.,
Cleofe Rubi-Gonzalez and
Antonio J. Munoz

December 23, 2005